```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

------------------------------X
                              :
DONNA REID                    :   Civ. No. 3:22CV00912(SALM)
                              :
v.                            :
                              :
STATE OF CONNECTICUT, JUDGE   :   July 29, 2022
MATTHEW J. BUDZIK, JUDGE      :
SUSAN QUINN COBB, ATTORNEY    :
ADAM L. AVALLONE and ATTORNEY :
MICHELLE BIBEAU               :
                              :
------------------------------X
```

## ORDER OF DISMISSAL

Plaintiff has filed a Complaint naming five defendants: the State of Connecticut, two Connecticut Superior Court Judges, and two private attorneys. See Doc. #1 at 1. The Court orders this matter **DISMISSED**, as lacking subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. See U.S. Const., Art. III, §2, cl. 1. It is "the obligation of a court, on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir. 2000); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) ("[Federal] courts ... have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). "A federal court is obligated to

inquire into subject matter jurisdiction <u>sua sponte</u> at the earliest opportunity to determine whether such jurisdiction exists." <u>Gonzalez v. Ocwen Home Loan Servicing</u>, 74 F. Supp. 3d 504, 510 (D. Conn. 2015), <u>aff'd sub nom.</u> <u>Gonzalez v. Deutsche Bank Nat. Tr. Co.</u>, 632 F. App'x 32 (2d Cir. 2016). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court has reviewed the Complaint to assess whether subject matter jurisdiction has been established. The Complaint asserts claims pursuant to 42 U.S.C. §1983 and under state law, asserting "Depravation of Civil Right Under Color of Law, conspiracy to commit real estate deed fraud, and forgery." Doc. #1 at 1 (sic). The gravamen of the Complaint, however, is a challenge to the validity of a state court foreclosure judgment. <u>See</u> <u>id.</u> at 10-11. Plaintiff describes the filing of "the foreclosure complaint" by the attorney defendants, and contends that the statute relied upon in that complaint is invalid. <u>Id.</u> at 5. Plaintiff contends that the foreclosure process violated her due process rights "by using an unfair court process[.]" <u>Id.</u> at 13. As relief, plaintiff demands damages arising from the allegedly "wrongful foreclosure," <u>id.</u>

The Court takes judicial notice of the docket in the

2

Connecticut Superior Court foreclosure matter identified in the Complaint, Docket No. HHD-CV20-6128384-S, a foreclosure action by U.S. Bank, N.A. against plaintiff here, Donna Reid, and others. A Judgment of Strict Foreclosure was entered in that matter on February 28, 2022. See id. at Docket Entry 112.86.

Plaintiff here plainly seeks to challenge the foreclosure judgment in the Connecticut Superior Court. The Second Circuit has repeatedly concluded that the federal district courts generally lack jurisdiction over foreclosure actions, and collateral challenges thereto, under various jurisdictional and abstention doctrines, including the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Gonzalez v. Deutsche Bank Nat. Trust Co., 632 F. App'x 32 (2d Cir. 2016) (summary order).

"Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014). "It is well settled that judgments of foreclosure are fundamentally matters of state law." Woermer v. Hirsh, No. 3:18CV01898(KAD), 2018 WL 7572237, at *3 (D. Conn. Dec. 11, 2018) (citation and quotation marks omitted). Thus, "[c]ourts in this Circuit consistently find that a plaintiff who lost possession of his home in a state

3

court foreclosure proceeding is barred by the Rooker-Feldman doctrine from attacking the state court judgment in federal district court." De Fries v. Wells Fargo Bank, N.A., No. 3:20CV01882(MPS)(SALM), 2021 WL 1890296, at *2 (D. Conn. May 11, 2021) (citation and quotation marks omitted); see also Ashby v. Polinsky, 328 F. App'x 20, 21 (2d Cir. 2009) (holding that the Rooker-Feldman doctrine precluded plaintiff's attempt to re-litigate a state court foreclosure judgment in federal court); Garvin v. Bank of N.Y., 227 F. App'x 7, 8 (2d Cir. 2007); Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("The claims raised in the ... Complaint implicate the propriety of the state judgment of foreclosure and eviction -- the very issues apparently decided by the state court. Because the Rooker-Feldman doctrine compels a federal court to give full faith and credit to the judgments of state courts, see 28 U.S.C. §1738, this Court is without subject matter jurisdiction to hear this case.").

This "Court does not have jurisdiction to entertain a challenge to a state court judgment of foreclosure, however creatively cloaked." US Bank Tr., N.A. v. Krondes, No. 3:21CV01578(SALM), 2021 WL 5578090, at *2 (D. Conn. Nov. 30, 2021) (citation and quotation marks omitted). Plaintiff's claims, while "creatively cloaked" in terms of due process,

4

forgery, and fraud, amount to an attack on the foreclosure judgment entered by the Connecticut Superior Court. Indeed, plaintiff even contends that she "filed her notice of removal" to transfer the foreclosure action to District Court. Doc. #1 at 6.[1] The Court therefore lacks jurisdiction over plaintiff's claims.

The Court notes, moreover, that each of the defendants named would be immune from suit. Plaintiff asserts claims against the State of Connecticut; however, "absent waiver by the State or a valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985). Sovereign immunity therefore deprives the court of "federal jurisdiction over suits against nonconsenting States." Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000); see also Brewer v. Brewer, 34 Fed. App'x 28, 29-30 (2d Cir. 2002) (holding that the plaintiff's "First Amendment claims against the State of New York pursuant to §1983 are barred by the Eleventh Amendment since New York State has

---

[1] No removal notice of this action has been filed in the District of Connecticut, according to a review of the ECF system by the undersigned today. If a notice of removal of a foreclosure action were filed, however, the matter would be promptly remanded to the Superior Court. See, e.g., Krondes, 2021 WL 5578090, at *3 ("The Clerk of Court is directed to remand this matter to the Florida court immediately, the provisions of Local Rule 83.7 notwithstanding.").

not consented to be sued"). Plaintiff also asserts claims against two Connecticut Superior Court Judges, based on their rulings in the foreclosure action. See Doc. #1 at 1. A Judge is generally "entitled to absolute immunity from damages for actions performed in his [or her] judicial capacity." Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990). As a result, "this Court may, sua sponte, dismiss a complaint for lack of subject matter jurisdiction, based on a finding of judicial immunity." Miller v. Cnty. of Nassau, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006). Plaintiff's Complaint asserts that judicial immunity is inapplicable here because "the judge lacks immunity when he/she violates the law[.]" Doc. #1 at 14. Plaintiff does not contend, however, that either Superior Court Judge was acting outside the scope of her or his judicial capacity. It therefore appears that the Court lacks subject matter jurisdiction over plaintiff's claims against the Superior Court Judges, because those Judges are entitled to judicial immunity. Finally, plaintiff asserts claims against two private attorneys based on their actions in the foreclosure case. "Connecticut courts recognize a litigation privilege which grants absolute immunity to 'all participants in judicial proceedings, including judges, attorneys, parties, and witnesses' from claims arising out of the information they provide in connection with judicial and quasi-judicial

proceedings." Cleary v. Bonjour, No. 3:17CV01957(VLB), 2018 WL 2390140, at *3 (D. Conn. May 25, 2018), aff'd sub nom. Cleary v. MacVicar, 813 F. App'x 12 (2d Cir. 2020) (quoting MacDermid, Inc. v. Leonetti, 79 A.3d 60, 67-68 (Conn. 2013)); see also Weldon v. MTAG Servs, LLC, No. 3:16CV00783(JCH), 2017 WL 776648, at *10 (D. Conn. Feb. 28, 2017) (noting that federal courts "routinely apply the state's litigation privilege to claims that challenge representations made in underlying state court litigation"). Plaintiff's claims against the private defendants therefore appear to be barred by Connecticut's litigation privilege.

In sum, the Court lacks subject matter jurisdiction over this action because "[t]he Court does not have jurisdiction to entertain a challenge to a state court judgment of foreclosure, however creatively cloaked." Krondes, 2021 WL 5578090, at *2 (citation and quotation marks omitted). Furthermore, even if this matter were not, at its core, an improper challenge to a state court judgment of foreclosure, it appears that each defendant in this action is immune from suit.

Accordingly, this matter is hereby **DISMISSED** for lack of subject matter jurisdiction.

It is so ordered this 29th day of July, 2022, at Bridgeport, Connecticut.

                                           \_\_\_/s/_____
                                           Hon. Sarah A. L. Merriam
                                           United States District Judge