```
                          UNITED STATES DISTRICT COURT
                            DISTRICT OF CONNECTICUT

------------------------------X
                              :
DONNA REID                    :    Civ. No. 3:22CV00912(SALM)
                              :
v.                            :
                              :
STATE OF CONNECTICUT, JUDGE   :    August 9, 2022
MATTHEW J. BUDZIK, JUDGE      :
SUSAN QUINN COBB, ATTORNEY    :
ADAM L. AVALLONE and ATTORNEY :
MICHELLE BIBEAU               :
                              :
------------------------------X
```

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff filed a Complaint in this Court naming five defendants: the State of Connecticut, two Connecticut Superior Court Judges, and two private attorneys. See Doc. #1 at 1. On July 29, 2022, the Court entered an order dismissing the Complaint in its entirety because the Court lacks subject matter jurisdiction. See Doc. #8. On August 3, 2022, plaintiff filed two documents with the Court: (1) a Notice stating "I DO NOT CONSENT" to transfer of this action to a United States Magistrate Judge, Doc. #9 at 1, and (2) an "Objection/Motion for Reconsideration[.]" Doc. #10 at 1 (capitalization altered).

This matter has not been transferred or referred to a United States Magistrate Judge, nor has any such course of action been suggested. Accordingly, the purpose of the filing

regarding (lack of) consent to the jurisdiction of a Magistrate Judge is unclear.

The motion for reconsideration consists of two pages of text and 17 pages of attachments. The motion itself reads, in its entirety, as follows:

> BEFORE THE COURT, The Plantiff's Motion For Reconsideration to dismiss based on subject matter jurisdiction. This motion was dismissed without oral arguments. The Plantiff asks the court to reconsider its July 29, 2022 ruling and subsequent order to dismiss this case based on the checks and balances and on the basis of THE TUCKERS ACT CODIFIED AT 28 U.S.C. SEC. 1346 (a) AND 1491, which ruled the government to be liable.
>
> AND VIOLATION OF THE ADMINISTRATION PROCEDURES ACT OF 1946 AT 5 USC §551 et seq. THIS CLAIM IS ALSO FOR VIOLATION OF DUE PROCESS which violated my constitutional rights and violated the Real Estate Deed laws. The deed which is currently housed in the State of Connecticut administrative offices instead of being delivered directly to me as mandated by the property transfer laws for the State of Connecticut. See Exhibits A.

Doc. #10 at 1-2 (sic). The motion is **DENIED**.

"Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c).

> A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where

>the court failed to consider evidence or binding authority. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

Van Buskirk v. Utd. Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019) (citation and quotation marks omitted).

Plaintiff has not pointed to any controlling decisions or significant information that the Court overlooked in its order of dismissal. Indeed, plaintiff makes no substantive argument at all in her motion to reconsider. To the contrary, the attachments to the motion, all of which relate directly to the foreclosure action in Superior Court, confirm that the Court was correct in finding that "[p]laintiff's claims, while 'creatively cloaked' in terms of due process, forgery, and fraud, amount to an attack on the foreclosure judgment entered by the Connecticut Superior Court." Doc. #8 at 4-5.

As the Court explained in its order of dismissal, every federal court is obliged, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir. 2000). This "Court does not have jurisdiction to entertain a challenge to a state court judgment of foreclosure, however creatively cloaked." US Bank Tr., N.A. v.

Krondes, No. 3:21CV01578(SALM), 2021 WL 5578090, at *2 (D. Conn. Nov. 30, 2021) (citation and quotation marks omitted). The Court lacks subject matter jurisdiction to hear this case.

Accordingly, the motion to reconsider is **DENIED** and this matter remains **DISMISSED**.

It is so ordered this 9th day of August, 2022, at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　　__/s/_____
　　　　　　　　　　　　　　　　　　Hon. Sarah A. L. Merriam
　　　　　　　　　　　　　　　　　　United States District Judge